Case 24-42243-mxm11  Doc 98  Filed 11/05/24  Entered 11/05/24 14:59:33  Desc Main
Document      Page 1 of 10




**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 5, 2024**

*Mark X. Mullin*
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 24-42243-11 |
| | § | Chapter 11 (Subchapter V) |
| INNOVATE LOAN SERVICING | § | |
| CORPORATION, | § | |
| | § | |
| Debtor. | § | |

### ORDER CONFIRMING DEBTOR'S FIRST MODIFIED JOINT CHAPTER 11, SUBCHAPTER V PLAN OF REORGANIZATION OF INNOVATE LOAN SERVICING CORPORATION D/B/A INNOVATE AUTO FINANCE (PERTAINS TO DOCKET NOS. 73, 87 AND 92)

On November 5, 2024 at 1:30 p.m., the Court conducted a confirmation hearing (the "Hearing") on the *First Modified Joint Chapter 11, Subchapter V Plan of Reorganization of Innovate Loan Servicing Corporation d/b/a Innovate Auto Finance* (ECF 92, as modified, amended, restated and supplemented, the "Plan"), which modifies and restates the *Joint Chapter*

*11, Subchapter V Plan of Reorganization of Innovate Loan Servicing Corporation d/b/a Innovate Auto Finance* (ECF 73), as supplemented by the *Notice of Supplement to List of Assumed Contracts under Joint Plan* (ECF 87), submitted by Subchapter V Debtor, Innovate Loan Servicing Corporation (the "Debtor"), pursuant to 11 U.S.C. §1191. The Court finds that appropriate notice of the Hearing on the Plan and the deadlines regarding balloting and the filing of written objections to the Plan has been given in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Northern District of Texas, Local Rules of Bankruptcy Procedure. Under Plan, the Class 3 General Unsecured Creditors were the only impaired Class of Claims. The creditors voted on the Plan and Class 3 voted to accept the Plan. No parties objected to confirmation of the Plan. The Debtor appeared at the Hearing and presented evidence and argument in support of Plan confirmation.

Based upon a review of the Plan itself, other pleadings filed in the Debtor's Chapter 11 case, the Court's own Docket, the evidence adduced at trial, and the arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law:

## I.
## FINDINGS OF FACT

A.   The Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). This is a core matter pursuant to 11 U.S.C. § 157(b)(2)(A) and (L).

B.   The Debtor is a Texas corporation with a principal place of business in Tarrant County, Texas. The Debtor is actively engaged in business and commercial activities.

C.   On October 10, 2024, the Court entered its Agreed Final Order Granting Debtor's Motion for an Extension of Time to File Debtor's Plan of Reorganization [ECF 78], extending the deadline under 11 U.S.C. § 1189(b) through and including October 15, 2024.  On September

30, 2024, the Debtor timely filed the Plan. A true and correct copy of the Plan is attached hereto, incorporated herein by this reference, and marked as Exhibit "A." F. The pre-petition claims against the Debtor do not exceed $3,024,000. More than 50% of the Debtor's total debt arose the Debtor's pre-petition business and commercial activities. The Debtor is eligible for reorganization under Subchapter V.

  G. The Plan cancels the existing equity interests in the Debtor and sells newly issued common shares in the Reorganized Debtor to Car Capital Technologies, Inc., a Delaware corporation ("Purchaser") for a purchase price of $475,000, which will be utilized to fund a Plan Cash Fund. The Plan proposes to pay administrative claimants and priority claimants in a lump sum from the Plan Cash Fund on the Effective Date, or as soon as thereafter as such claims are allowed. The Plan proposes to pay convenience unsecured claims under $500 in full from the Plan Cash Fund in an aggregate amount not to exceed $38,000. Holder of Class 3 Allowed General Unsecured Claims shall receive a pro-rata distribution of the remaining balance of the Plan Cash Fund after all other Allowed Claims with priority are paid in full. The Debtor has no known secured creditors, other than UCCs filed by clients to protect interest in trust funds managed by the Debtor. The Debtor has no known creditors who hold priority claims. The Claims of the Class 3 General Unsecured Creditor are impaired and entitled to vote on acceptance or rejection of the Plan.

  H. The Debtor adequately provided notice of the Plan, the deadlines for balloting and objection to confirmation, and notice of the Hearing to all known creditors and parties in interest. All creditors entitled to vote on the Plan were given a full and fair opportunity to do so. All parties in interest were given a full and fair opportunity to submit objections, if any.

I.      The Class 3 claimants voted to accept the Plan. Although Class 3 has accepted the Plan, the Plan nevertheless would have been confirmable pursuant to 11 U.S.C. § 1191(b).

J.      The Plan, as required by 11 U.S.C. §§ 1129(a)(1) and 1123(a), appropriately: 1) designates classes of claims and interests under 11 U.S.C.§ 1122; 2) specifies all classes that are not impaired; 3) specifies the treatment of all impaired classes; 4) provides the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agreed to less favorable treatment; 5) provides adequate means for the Plan's implementation; and, 6) contains only provisions that are consistent with the interests of creditors with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director or trustee.

L.      The Plan complies with the applicable provisions of Title 11 of the United States Code. See 11 U.S.C. § 1129(a)(1).

M.      The Debtor has complied with the applicable provisions of Title 11 of the United States Code. See 11 U.S.C. § 1129(a)(2).

N.      The Plan was proposed in good faith and not by any means forbidden by law. See 11 U.S.C. § 1129(a)(3).

O.      Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the case, has been approved by the Court, or is subject to the approval of the Court as reasonable. See 11 U.S.C. § 1129(a)(4).

P.      The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor

under the plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and the Debtor has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider   Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(5).

Q. The ownership and management of the Debtor's business is not a governmentally regulated activity. Therefore, no governmental regulatory commission has jurisdiction over the reorganization of the Debtor's financial affairs or the distribution of proceeds after reorganization to administrative claimants or creditors under the Plan. See 11 U.S.C. § 1129(a)(6).

R. With respect to each impaired class of claims or interests, either each holder of a claim or interest has accepted the Plan or will receive or retain property of a value under the Plan on account of such claim or interest as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of Title 11 of the United States Code. See 11 U.S.C. § 1129(a)(7).

S. The Class 3 General Unsecured Claims are impaired by the Plan and entitled to vote on acceptance or rejection. Classes 4 (Subordinated Claims) and Class 5 (Equity Interests) receive nothing under the Plan and are deemed to have rejected the Plan. See 11 U.S.C. § 1126(f).

T. The creditor vote with respect to the Plan is set forth in *The Certification of Ballots Received, Report of Creditor Acceptance of Debtor's First Modified Joint Chapter 11, Subchapter V Plan of Reorganization of Innovate Loan Servicing Corporation D/B/a Innovate Auto Finance (Pertains to Docket Nos. 73 & 87)* (the "Ballot Report") [Docket No. 90], filed by

the Debtor on November 4, 2024, pursuant to Northern District of Texas Local Bankruptcy Rule 3018(1) and admitted into evidence at the Confirmation Hearing. The Ballot Summary is incorporated herein by reference and adopted.

U.  The Plan complies with 11 U.S.C. §§ 1129(a)(9)(A) and (B) because the holders of claims specified in those subsections will receive cash in the allowed amounts of their respective claims on the Effective Date, when such claims become due. The Debtor has no known unpaid administrative claims other than the fees of the Subchapter V Trustee and the professional fees and expenses of Debtor's counsel, which fees and expense are subject to approval by fee application.

V.  The Plan complies with 11 U.S.C. § 1129(a)(9)(C) because the holders of the type of claims specified in that subsection will be paid on the Effective Date, or when such claims become due, to the extent such claims exist.

W.  The Debtor is current on all post-petition obligations, other than professional fees and expenses, which are subject to a fee application and not yet payable. The Debtor's available cash and the receipt of the Purchase Price indicate that it should have sufficient cash to meet all required obligations under the Plan and Title 11. The Plan appears to be feasible. Due to the expected support of the Purchaser, confirmation of the Plan is not likely to be followed by a liquidation or the need for further reorganization. See 11 U.S.C. § 1129(a)(11).

X.  11 U.S.C. §§ 1129(a)(13), (14), (15) and (16) are not applicable in this case.

Y.  The Plan complies with 11 U.S.C. §§ 1129(a)(8) and (10), however such compliance is not required due to the statutory exception contained in 11 U.S.C § 1191(b).  With respect to 11 U.S.C. § 1291(b) the Plan does not discriminate unfairly. The Plan is fair and equitable with respect to each Class of claims that has not accepted the Plan because: (1) the plan

satisfies the requirements of 11 U.S.C. § 1129(b)(2)(A) as to secured claim; (2) the value of the property to be distributed under the plan in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date on which the first distribution is due under the plan is not less than the projected disposable income of the debtor; and (3) there is a reasonable likelihood that the debtor will be able to make all payments under the Plan. More specifically, (a) the amounts payable under the plan resulting from the Purchase Price exceed the projected net present value of the projected disposable income of the Debtor and (b) the Purchase Price will fund all payments contemplated to be made under the Plan from Plan Claim Fund.

AA. Preston Miller, individually, is capable of making payments under the Plan without utilizing the Subchapter V Trustee as a separate disbursing agent.

BB. Based upon the Debtor's business history and the funding of the Plan Claim Fund, the Debtor will be able to make all payments under the Plan.

CC. Any other oral findings made by the Court at the Hearing are incorporated herein by this reference. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## II.
## CONCLUSIONS OF LAW

A. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

B. The Debtor has complied with all applicable provisions of Title 11 necessary for confirmation of the Plan.

   C. The Plan complies with the requirements for confirmation set forth in Title 11 of the United States Bankruptcy Code, including 11 U.S.C. § 1191 and should be confirmed.

   D. The Debtor and Preston Miller as Disbursing Agent should be authorized to perform their obligations under the Plan upon the Effective Date, as defined in the Plan.

   E. Any conclusions of law that should more properly be considered findings of fact shall be so considered and vice-versa.

## III.
## DECREE

Based upon the forgoing Findings of Fact and Conclusions of the Law, which are incorporated herein reference, it is hereby ORDERED that:

   1. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation and is hereby CONFIRMED under 11 U.S.C. §§ 1191(a), (b) and Federal Rule of Bankruptcy Procedure 3020.

   2. The provisions of the Plan are binding upon the Debtor, creditors, and all parties in interest.

   3. In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed without the need for any further approval to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms. Preston Miller, individually, shall act as the Disbursing Agent and is authorized to make payments as provided under the Plan directly to creditors.

   5. Areya Holder Aruzada, appointed as the Subchapter V Trustee of this case (the "Trustee"), pursuant to 11 U.S.C. § 1183, may file with the Court an application for professional

fees, under 11 U.S.C. § 330, for services performed prior to confirmation of the Plan. The Debtor shall pay approved Subchapter V fees and expenses as provided under the Plan and by Order of this Court. The Debtor's bankruptcy counsel, CM Law PLLC is likewise authorized to file a fee application for its professional fees, paraprofessional fees, and expenses under 11 U.S.C. § 330.

6. The Trustee shall be discharged of her duties upon substantial consummation of the Plan under § 11 U.S.C. 1183(c)(1), subject to the United States Trustee's ability to reappoint a Subchapter V Trustee as necessary under 11 U.S.C. § 1183(c)(1).

7. The Debtor shall fulfill all duties pursuant to § 1183.

8. On the Effective Date of the Plan, property of the bankruptcy estate of the Debtor shall vest in the Reorganized Debtor under 11 U.S.C. § 1141(b).

9. The Plan binds the Debtor, all creditors and parties in interest. All creditors are enjoined from taking any action against the Debtor, property of the Debtor, or property of the estate to enforce or collect any prepetition claim or from attempting to exercise any control over the property of the Debtor or property of the Estate. In the event of default under the Plan, creditors may exercise the default remedies set forth in the Plan.

10. <u>Mercantile Partners, L.P.</u> The Court approves the Debtor's assumption of the unexpired lease of 3001 Meacham Blvd., Fort Worth Texas between the Debtor and Mercantile Partners, L.P. The cure amount for such assumption is as set forth in Exhibit E to the Plan at $3,065.18.

11. <u>TTEC Digital, LLC</u>. The Court approves the Debtor's assumption of the executory contract between the Debtor and TTEC Digital, LLC f/k/a Avtex Solutions, LLC as the same was amended by that certain Product Quote Amendment dated effective September 1, 2024 (as amended, the "<u>TTEC Agreement</u>"). The cure amount of $25,498.18 as set forth in the

TTEC Agreement is an allowed administrative claim (the "TTEC Cure Claim") and, notwithstanding anything in the Plan to the contrary, the Debtor shall pay the TTEC Cure Claim in accordance with the TTEC Agreement.

12. In the event of any conflict between this Confirmation Order and the provision of the Plan, the provisions of this Confirmation Order shall prevail.

13. The Court retains jurisdiction to resolve any disputes regarding the interpretation or enforcement of the Plan and this Confirmation Order.

*** END OF ORDER ***

Submitted by:

Richard G. Grant
CM LAW PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

COUNSEL FOR
DEBTORS IN POSSESSION